## HINES v. UNITED STATES.

### No. 6540.

United States Court of Appeals
Fourth Circuit.

Argued March 16, 1953.

Decided April 3, 1953.

Gordon M. Allen, Baltimore, Md. (Jacob Blum, Baltimore, Md., on brief), for appellant.

Bernard J. Flynn, U. S. Atty., Baltimore, Md., for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion made under 28 U.S.C. § 2255 to vacate and set aside a sentence of imprisonment. While there were a number of grounds set forth in the motion, the case as presented to us resolves itself into two points, viz.: (1) that the appellant did not intelligently waive the assistance of counsel or trial by jury upon his trial, where he was tried by the court without a jury and without having counsel assigned him; and (2) that the court erred in not having appellant produced in court on the hearing of his motion. Both points are entirely without merit. Not only does it appear from the stenographer's transcript that upon his arraignment appellant, upon interrogation by the court, stated that he did not want a lawyer or a jury but intended to try the case himself before the judge, but it also appears that, when the case was called for trial, appellant was again interrogated by the court and again stated that he wished to try the case himself and did not wish counsel, and that he persisted in this course after being advised by the judge that, if he was unable to employ counsel, the court would appoint counsel for him. A written waiver of jury trial was signed by appellant and filed in the cause. As said in United States v. Hayman, 342 U.S. 205, 223, 72 S.Ct. 263, 274, 96 L.Ed. 232, "Whether the prisoner should be produced depends upon the issues raised by the particular case." It was manifestly not necessary that the judge have the appellant brought before him to testify concerning the waiver which was fully set forth in the stenographer's transcript of proceedings and as to which the judge himself had personal knowledge; and the finding that the waiver of counsel and of jury trial was intelligently made is amply supported by the transcript of the proceedings had upon the trial.

Affirmed.